[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10564
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20482-KMM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TROY DOUGLAS BRIMM,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2014)

Before WILSON, PRYOR, and MARTIN, Circuit Judges.

BY THE COURT:

Tony Brimm, proceeding pro se, appeals the denial of his post-judgment "Motion To Amend Order Granting In Part, Denying In Part Motion For The Return Of Property." Pursuant to F. R. Crim. P. 41(g), Brimm seeks to compel the government to physically return certain personal property that the district court previously ordered the government to return to him, by shipping that property at the government's expense to an individual who Brimm designated. Rule 41(g) rulings "are based on a balancing of the equities and are reviewed under the abuse of discretion standard." *United States v. DeLaMata*, 535 F.3d 1267, 1279 (11th Cir. 2008).

The government moves for summary affirmance based on the district court's previous finding that Brimm failed to comply with the Department of Homeland Security's (HSI) Homeland Investigations policies for returning property. The government also states that Brimm's objection to the recommended denial of his Rule 41 motion was untimely because Federal Rule of Criminal Procedure 59(b)(2) required him to file his objections within 14 days of the Magistrate Judge's finding, and his failure to do so waived his right to appellate review.

Upon review and consideration, we **GRANT** the government's motion for summary affirmance. The district court correctly determined that HSI provided Brimm with ample opportunity to comply with HSI policy and procedures for obtaining a return of property by filing a notarized power of attorney with the

2

Court in order to designate an individual who could receive his property in Miami, but that he failed to do so.  We find no abuse of discretion in that determination.  In any event, Brimm filed his objections to the Magistrate Judge's decision on November 19, 2013, which is more than 14 days after the entry of the August 14, 2013 order, and Brimm was not given leave to file an out-of-time objection.  His failure to timely object waived his right to review of the Magistrate Judge's order. *See Fed. R. Crim. P.* 59(a).

The government's motion for a stay of the briefing schedule is DENIED as moot.